UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIRGINIA JOHNSON,

                Plaintiff,

v.

THE BON-TON DEPARTMENT STORES, INC.,

                Defendant.

**Hon. Hugh B. Scott**

05CV170

(CONSENT)

**Order**

Before the Court is plaintiff's motion to compel (as well as for discovery sanctions) and for extension of time to complete discovery and to commence alternative dispute resolution mediation (Docket No. 25). This Court scheduled (and later amended at each party's request) the briefing schedule and argument of this motion, with responses due by March 14, 2006, any reply by March 20, 2006, and argument before the undersigned on March 21, 2006 (Docket Nos. 26, 29, 30).

The initial briefing schedule Order had stayed the discovery deadline (of January 31, 2006) and stayed the conference to select a mediator and commencing mediation until this motion has been resolved (Docket No. 26). But after the parties indicated a selection of a mediator (see Docket No. 28), the Court vacated the stay of the alternative dispute resolution ("ADR") mediation process and reinstated the remaining deadlines set forth in the ADR Referral Order, that is, the initial mediation session was to be held no later than March 13, 2006, and the mediation referral terminates on July 31, 2006 (Docket Nos. 24, 27).

## BACKGROUND

This is a removed diversity personal injury action (plaintiff a New York resident, defendant a Pennsylvania retailer) arising from plaintiff's fall in defendant's Eastern Hills Mall store on April 24, 2003 (see Docket No. 1, Notice of Removal, Ex., state court complaint; Docket No. 18, Pl. Atty. Aff. ¶ 3). Following entry of Consent to Jurisdiction before the undersigned, this Court issued a Scheduling Order (Docket No. 8; see Docket No. 18, Pl. Atty. Aff. ¶¶ 6, 7), which had discovery conclude on December 16, 2005, and dispositive motions due by March 30, 2006. Upon an earlier motion by plaintiff for extension of time to complete discovery (Docket No. 18), the discovery deadline was reset to January 30, 2006, with dispositive motions now due by May 16, 2006 (Docket No. 23). That Order also denied without prejudice as premature plaintiff's motion to compel (id.). Responding to that earlier motion, defendant indicated that it intended to produce documents and witnesses prior to the then initial discovery date. On defendant's representation that it would produce, the Court granted plaintiff leave to renew her motion to compel if defendant failed to produce within the time allotted, or if plaintiff believed that defendant's production was incomplete. (Id. at 4.)

On January 24, 2006, plaintiff served and filed her present motion to compel (Docket No. 25). Plaintiff seeks an Order compelling defendant to respond to plaintiff's demands, to produce the discovery within a week, or strike the Answer as a sanction (Docket No. 25, Pl. Atty. Aff. WHEREFORE clause at fifth unnumbered page).

Defendant contends that it fully complied with plaintiff's discovery and that its response to plaintiff's request for admissions was based upon reasonable inquiry by defendant's staff (Docket No. 31, Def. Atty. Aff. ¶¶ 4, 6-9). Defendant argues that plaintiff had sixteen months to

complete discovery and should not get additional time (id. ¶ 5). Defendant believed that the Order briefing this motion stayed discovery (see id. ¶ 10), hence delaying production of answers to certain interrogatories (id.), but that Order (Docket No. 26, Order of Jan. 30, 2006) clearly stayed the running of the discovery deadline (of January 30, 2006, Docket No. 23; see Docket No. 32, Pl. Atty. Reply Aff. ¶ 9) pending resolution of this motion and not discovery. Defendant concludes that plaintiff is time barred from identifying an expert, since her time to do so was by October 15, 2005 (Docket No. 31, Def. Atty. Aff. ¶ 12).

In reply, plaintiff vehemently denies receiving the discovery sought (Docket No. 32, Pl. Atty. Reply Aff. ¶¶ 2-5), believing that defendant made no reasonable inquiry in response to her Request for Admissions (id. ¶ 6). She contends that defendant delayed its representative's deposition past the October 15, 2005, deadline for expert disclosure. Expert review requires complete production from defendant, which has yet to occur. (Id. ¶ 7.)

Meanwhile, on January 1, 2006, the Court adopted a pilot ADR program where currently pending cases could be referred by the assigned judge, W.D.N.Y. Alternative Dispute Resolution Plan ("ADR Plan"), Sec. 2.1(B) (Jan. 2006), see also id. Sec. 1.2(C) (Magistrate Judge consent cases). On January 12, 2006, the Court ordered the parties to confer and select a mediator under this ADR program within fifteen days of entry of the Order, to begin a mediation session by March 13, 2006, and to complete mediation by July 31, 2006 (Docket No. 24).

**DISCUSSION**

I.      Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d 1994). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

  A. Discovery Sought

Plaintiff seeks production of documents, defendant's computerized human resources data, admissions to certain requests posed by plaintiff, and answers to interrogatories. When plaintiff moved to compel, the deadlines under the Federal Rules to respond to her requests had not yet run, but the present discovery deadline of January 30, 2006, was approaching. Rule 34(b) gives a party 30 days to respond or object to a document production demand. "A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29." Fed. R. Civ. P. 34(b); see also Fed. R. Civ. P. 33(b)(3) (answers to interrogatories due within 30 days of service), 36(a) (admission due within 30 days of service).

  1. Document Production

First, plaintiff complains that she has not received the materials she initially sought on November 21, 2005 (Docket No. 25, Pl. Atty. Aff. ¶ 9, Ex. A; see Docket No. 18). In particular, plaintiff argues that defendant's responses were incomplete. Back in December 2005, defense counsel claimed that he was awaiting items from his client. Defendant now contends generally that all materials were produced (Docket No. 31, Def. Atty. Aff. ¶ 6, citing to Docket No. 25, Ex. A, Def. Response to Rule 34 Demands, dated Dec. 7, 2005, including a copy of the accident

report).  In reply, Plaintiff vehemently denies receipt of any discovery material (Docket No. 32, Pl. Atty. Reply Aff. ¶¶ 2-5).  At oral argument, defense counsel conceded that the motion to compel is essentially unopposed.  Therefore, plaintiff's motion is **granted**; defendant is to produce the sought materials **within ten (10) days.**

Plaintiff previously sought production from defendant's human resources data (Docket No. 25, Ex. A, def. response No. 7), but defendant replied that it was computerized and would be overly burdensome to reproduce (id.).  Defendant's response to this motion does not discuss this production.  Defendant should make arrangements for plaintiff's counsel (or her agent) to inspect the computer system which contains the sought human resources data.  This portion of plaintiff's motion is also **granted**; defendant shall make those arrangements **within ten (10) business days.**

        2.        Request for Admissions

Plaintiff served Requests for Admissions on December 21, 2005 (Docket No. 25, Pl. Atty. Aff. ¶ 10, Ex. B), seeking confirmation that the accident report is for this incident, that defendant's employee directed plaintiff to the elevator, and that the escalator was broken (id.). Defendant responded (id. Ex. C) admitting the first request but denying knowledge of the second and third requests.  Plaintiff rejected the responses as being inadequate (id. ¶ 10, Ex. D).  Plaintiff gave defendant the opportunity to reconsider its initial response to the request for admissions and make a reasonable inquiry in order to respond.  Defendant responded with detail of defense counsel's inquiry that reaffirmed its responses to the admissions (id. ¶ 10, Ex. E), citing the testimony of employee witnesses who denied knowledge that plaintiff was directed to the elevator or that the escalator was broken.  Plaintiff responded that this effort was not a reasonable inquiry under Rule 36, since defense counsel did not question employees in the linen and soft

home goods department to learn who directed plaintiff to the elevator (id. Ex. F, Jan. 17, 2006, letter, at 2). Plaintiff's interrogatories (Docket No. 25, Ex. G), however, did not ask defendant to identify the employees in that department.

Defendant produced four of its employees who testified as to not knowing about telling plaintiff to use the service elevator. Plaintiff, in reply, argued that defendant was obligated to find the right employee, rather than producing employees who lack knowledge (see Docket No. 32, Pl. Atty. Reply Aff. ¶ 6). At oral argument, defendant claimed that it identified the linen department employee. As a result, defendant's response to the Request for Admissions did not constitute a reasonable inquiry. Therefore, this portion of plaintiff's motion to compel is **granted**; defendant shall supplement its response to the Request for Admissions **within ten (10) business days**.

        3.      Interrogatory Answers

Plaintiff, finally, contends that defendant has not answered her interrogatories (Docket No. 25, ¶ 11, Ex. G). Again, the time for defendant's answer had not run when plaintiff made this motion, see Fed. R. Civ. P. 33(b)(3) (30 days from service to answer or object to interrogatories). Defendant contends that it has the answers now available, but for its misunderstanding that discovery in this action was stayed, it would produce that answer (see Docket No. 31, Def. Atty. Aff. ¶ 10). This Court's scheduling Order for this motion stayed the discovery deadline (Docket No. 26), it did not stay discovery (see also Docket No. 32, Pl. Atty. Reply Aff. ¶ 9).

Defendant is directed forthwith to produce the answers to plaintiff's interrogatories. In this regard, plaintiff's motion to compel is **granted**.

B.      Expert Review and Extension of Time to Submit Expert Disclosure

Plaintiff seeks leave to allow expert to review materials and provide an expert response (see Docket No. 25, Pl. Atty. Aff. ¶ 9). Defendant contends that plaintiff failed to disclose her expert in a timely manner, or by October 15, 2005, as required by the Scheduling Order, and therefore should not be entitled to serve expert disclosure now (Docket No. 31, Def. Atty. Aff. ¶ 12). Plaintiff replies that her use of an expert depended upon plaintiff deposing defendant or its representatives, which defendant delayed until November (Docket No. 32, Pl. Atty. Reply Aff. ¶ 7). Plaintiff's request here is also **granted**. The conclusion of this Order will set forth the overall schedule for the balance of this action with the new deadlines for expert disclosure.

C.      Sanctions

Plaintiff seeks alternatively to strike the Answer as sanction for the second motion, Fed. R. Civ. P. 37(b)(2)(C) (Docket No. 25, Pl. Atty. Aff. ¶¶ 13, 15, WHEREFORE clause at fifth unnumbered page) or recovery of her motion costs, see id. R. 37(a)(4). When a party fails to comply with the Court's Order to compel, the Court "may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d). See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999). The rule lists various sanctions including preclusion or dismissal of claims, Fed. R. Civ. P. 37(d), (b)(2)(A) (facts established), (B) (refusing to allow disobedient party to support claim or defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness), as well as payment of opponent's reasonable expenses including attorneys' fees. "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or

both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id. R. 37(b)(2) (emphasis added).  Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

      The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy.  Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction).  But this drastic remedy is only available upon a party disobeying an Order compelling production.  Fed. R. Civ. P. 37(b).  Absent such an Order, a movant is not entitled to Rule 37(b) sanctions.  See 8A Federal Practice and Procedure, supra, § 2289, at 669; United States v. Kattar, 191 F.R.D. 33, 35 (D.N.H. 1999) (quoting R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15, 16 (1st Cir. 1991)).  The only relief available when a party fails to respond to a discovery demand is an Order to compel and sanctions of the reasonable costs associated with the motion to compel, Fed. R. Civ. P. 37(a)(2)(B), (4)(A).  The increased sanction of Rule 37(b) arises because the party disregards both the discovery demand and the Court's Order compelling production.  See also Fed. R. Civ. P. 37(b)(2)(D) (in lieu of foregoing order, party could be held in contempt of court for failing to obey discovery order). Plaintiff's request for relief could be construed as anticipating the breach of an Order to compel, but at this stage such anticipatory relief is not available.  Plaintiff's earlier motion to compel (Docket No. 18) was denied in part because it was premature; there is no Order to compel that

could form the basis for an enhanced sanction (cf. Docket No. 25, Pl. Atty. Aff. ¶¶ 13, 15 (pointing out that plaintiff has had to make two motion to compel production)).

Under Rule 37(a)(4), if the motion to compel is granted, the Court

> "shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4) (emphasis added). Under Rule 37(a)(4), if plaintiff's motions to compel are granted, then plaintiff recovers from the defendant her reasonable expenses in making the motion. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).

As a result of plaintiff prevailing on her motion to compel, she should be awarded her reasonable motion costs. Plaintiff's counsel is to submit an affidavit of her client's motion costs associated with this motion only (and not include the costs for the earlier motion to compel, Docket Nos. 16, 18). Defendant then will have an opportunity to respond to that submission and the Court will deem the application submitted and set the reasonable amount of motion costs associated with this motion.

II.     Schedule For This Action

As a result of this motion, plaintiff seeks sixty additional days to complete discovery and adjustment of the regular Scheduling Order in this case, as well as the mediation schedule, to reflect this added time (Docket No. 25, Pl. Atty. Aff. ¶ 3, WHEREFORE clause at fifth through sixth unnumbered pages). That request is **granted** as outlined in the conclusion of this Order.

III.    Schedule of ADR

Plaintiff finally seeks an extension of time to conduct ADR mediation (Docket No. 25). This motion is one of first impression in this Court under its new pilot ADR program, posing the issue of the timing of the initial mediation session while a discovery motion (which one party believes is necessary to conduct a meaningful ADR session, see Docket No. 32, Pl. Atty. Reply Aff. ¶ 9) is pending.

The purpose of the ADR program is "to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation, without impairing the quality of justice or the right to trial," W.D.N.Y. ADR Plan Sec. 1.2(A), with the initial mediation session to be held (in new cases) sixty days after the scheduling conference, see id. Sec. 5.5(B). In other words, ADR should occur early in the litigation, sometimes prior to beginning discovery, see, e.g., Lamar Advertising of Penn LLC v. Town of Lockport, Case No. 06CV89, Docket Nos. 4 (ordering expedited referral to ADR), 14 (mediator's certificate, noting settlement of action). As noted in the Order restoring the mediation schedule (Docket No. 27), the Court's new pilot ADR program is to run parallel to the handling of the action in chief with the mediation not delaying or deferring other dates in this action (see Docket No. 27, Order at 2), see W.D.N.Y. ADR Plan Sec. 4.1(C). When the mediation schedule was restored, the Court noted that the dates for the

10

mediation were close to those for the briefing and consideration of this motion (Docket No. 27, Order at 2) and the Court recognizes that a successful mediation may require plaintiff having the information sought by her motion to compel. As plaintiff notes, this is "a simple case" (Docket No. 25, Pl. Atty. Aff. ¶ 16; Docket No. 32, Pl. Atty. Reply Aff. ¶ 3) and the parties could have at least commenced mediation without having all discovery completed.[1]

This parallel process should begin as scheduled, but with some modification. Argument of this motion occurred after the date when the initial mediation session was to begin. Given that the mediation sessions are supposed to be confidential (especially from the Court), W.D.N.Y. ADR Plan Sec. 5.10(A)(2), (3), the Court is not aware whether the initial March 13, 2006, session has occurred; the mediator has not filed a certificate regarding the status of the mediation following that scheduled initial session, cf. ADR Plan Sec. 5.11. It appears from plaintiff's reply (Docket No. 32, Pl. Atty. Reply Aff. ¶ 8, Ex. A), however, that defendant unilaterally canceled the mediation session[2]. By going forward on March 13, 2006, this motion may have been rendered moot (if the parties, for example, proceeded before the mediator without the discovery at issue or if the parties settled the case prior to the decision on this motion).

Assuming that no mediation session has occurred yet, plaintiff's motion for extension of time to conduct ADR is **granted**; the initial mediation session shall occur no later than **May 12,**

---

[1]By analogy, if this were a case before the ADR pilot program was established and the parties had pending a judicial settlement conference and a motion to compel, the former would go forward and the parties would confer with the Court and progress as far as they could given the discovery dispute.

[2]Defendant risks sanctions under the ADR Plan for failing to participate in good faith in the mediation process, such as by unilaterally cancelling mediation sessions, see ADR Plan Sec. 5.8(G).

**2006**, and mediation shall conclude by **September 15, 2006**, with the parties making the required mediation submissions as directed in the previous Orders (Docket Nos. 24, 27). If this action is not settled by September 15, 2006, and no dispositive motions filed, a Final Pretrial Order will be entered scheduling a trial.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 25) is **granted** as outlined above; defendant's responses are due within **ten (10) business days of entry of this Order**. Plaintiff's counsel is to submit an affidavit of plaintiff's recoverable motion expenses associated with this motion and do so within **five (5) business days of entry of this Order**. Any response from defendant to this fee application is due withing **ten (10) business days of entry of this Order**. The Court then will deem the fee application submitted and determine plaintiff's reasonable motion expenses.

Plaintiff's motion to extend the time to complete discovery and to disclose her experts (Docket No. 25) is **granted**; parties have until **May 22, 2006**, in which to complete discovery; plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **May 6, 2006**. As a result, dispositive motions are now due by **August 1, 2006**.

As for extending the mediation schedule, plaintiff's motion seeking that relief (Docket No. 25) is **granted** as described above. If it has not already occurred, the initial mediation session shall occur no later than **May 12, 2006**, and mediation shall conclude on **September 15, 2006**. Parties are to make the required mediation submissions as directed in the previous Orders

(Docket Nos. 24, 27). If this action is not settled by September 15, 2006, and no dispositive motions filed, a Final Pretrial Order will be entered scheduling a trial.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        March 28, 2006