UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIRGINIA JOHNSON,

                                  Plaintiff,



                    v.                                          **Hon. Hugh B. Scott**

                                                                05CV170

                                                                (CONSENT)

THE BON-TON DEPARTMENT STORES, INC.,                            **Order**

                                  Defendants.


        Before the Court is the follow up to plaintiff's motion to compel (Docket No. 25).  In

granting that motion (Docket No. 34, Order of Mar. 28, 2006), this Court ordered plaintiff's

counsel to file an affidavit of her motion-related costs relative to this motion (and not for her

earlier motion to compel and for extension of time (Docket No. 34, Order at 9; see Docket

Nos. 16, 18 (initial motion to compel))), within five business days of entry of that Order.

        Plaintiff filed her timely affidavit (Docket No. 36, filed Apr. 3, 2006).  Defendant was

given an opportunity to respond to this submission within ten days of entry of the Order (see

Docket No. 34), or by April 11, 2006, and defendant's attorney filed a responding affidavit on

April 5, 2006 (Docket No. 37).  Unbidden[1], plaintiff filed a reply affidavit (Docket No. 38).  The

Court deemed this fee application to be submitted as of April 11, 2006 (see Docket No. 34).


_____

        [1]Cf. Docket No. 34, at 9, 12 (only ordering the application and defendant's response
thereto).

**BACKGROUND**

This fee application arises in a diversity personal injury action removed from state court to this Court, where plaintiff alleges injuries stemming from her fall in an elevator at defendant's Eastern Hills Mall store (see Docket No. 1, Notice of Removal, Ex., state court Complaint; Docket No. 23, Order, at 1).  On May 19, 2005, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 7).

Plaintiff initially moved for extension of time to complete discovery and to compel production of certain items[2] (see Docket Nos. 16, 18 (motion), 23 (Order at 2-3, 4)).  The Court granted in part plaintiff's request for an extension of time but denied her motion to compel without prejudice since defendant had time to respond to plaintiff's demands when that motion was filed.  If defendant failed to produce or if plaintiff otherwise was unsatisfied with defendant's production, plaintiff could renew her motion (Docket No. 23, Order at 4; see Docket No. 34, Order at 2), which she did (Docket No. 25).

Plaintiff then filed her second motion to compel (Docket No. 25) seeking to compel responses to her document demands, requests for admissions, interrogatories, and an extension of time for her expert to issue a report (see Docket No. 34, Order at 2, 3).  The issues in this second motion differ from those in the first, although both motions address the basic problem of defendant's failure to adequately respond to plaintiff's discovery demands.  This Court granted plaintiff's motion, order defendant to comply with all of her discovery demands (see generally Docket No. 34).  Having prevailed on her discovery motion (see id. at 4-6, 7 (granting extension

---

[2]There, plaintiff sought production of an accident report, responses to outstanding discovery and inspection demands, arranging for plaintiff's photographer to inspect the accident site, and produce a witness for a deposition, No. 16, Pl. Atty. Aff. ¶¶ 12, 14, 16-18, 22.

of time for expert's report)), under Rule 37, the Court held the appropriate sanction was the costs for making this second motion (id. at 7-9).

Plaintiff's counsel claims that five hours and fifteen minutes were spent preparing and arguing this motion, at her billing rate of $250 per hour, plus motion expenses totaling $46.75 (Docket No. 36, Pl. Atty. Aff. ¶¶ 5, 7, 6). Although not stated in her papers, at the rate cited by plaintiff's counsel, the total attorney's fee sought would be $1,312.50, and total motion costs with expenses would be $1,359.25. Plaintiff has not produced billing records[3] or a summary of counsel's activities to support this application. Plaintiff also does not describe the experience of her counsel or whether her billing rate is reasonable for practitioners in this district with similar experience.

The 5.25 hours claimed includes 2.25 hours[4] spent on the first motion to compel of December 7, 2005 (id. ¶ 5; see Docket Nos. 16, 18 (motion of Dec. 7, 2005); see also Docket No. 37, Def. Atty. Aff. ¶¶ 4-5). The motion expenses claimed were for both motions (see Docket No. 36, Pl. Atty. Aff. ¶ 6; Docket No. 38, Pl. Atty. Reply Aff. ¶ 8; cf. Docket No. 37, Def. Atty. Aff. ¶ 6).

Defendant objects to plaintiff's application because it claims motion expenses for the first motion to compel against this Court's express direction to determine the costs only for the

---

[3]As this is a personal injury action, plaintiff probably entered into a contingent fee arrangement with her counsel, hence there may be no direct billing records for counsel to produce to support her fee application.

[4]Plaintiff's counsel states that she spent ".45 minutes" working on a reply affidavit dated December 13, 2005, see Docket No. 21; plaintiff probably intended 45 minutes without the decimal. Mathematically, 45 minutes equal 3/4 of an hour or .75 of an hour. Added to the 1.5 hours spent on the initial motion to compel, plaintiff's counsel spent 2.25 hours total on that motion.

second motion (Docket No. 37, Def. Atty. Aff. ¶¶ 4-7).  Defense counsel also objects to the

attorney's fee rate charged by plaintiff's counsel, noting that his fee is only $115 per hour, and

asks the Court to note this disparity in determining the reasonable costs for this motion (id. ¶ 9).

Alternatively, defendant asks either that motion costs not be imposed (due to defendant's alleged

good faith in adhering to the Court's Scheduling Order and attempts to furnish the discovery

sought) or to set a reasonable amount for the costs (id. ¶ 8).  Defendant apparently does not

object to the cost per page of plaintiff's duplication (even if applied only to papers in the second

motion) or the amount of attorney's time expended on that second motion.

Plaintiff then filed a reply affidavit from a senior attorney in plaintiff's firm (Docket

No. 38, Reply Aff. of Eugene Tenney) which decries defense counsel's personal attacks in

opposition to this fee application (id. ¶ 5).  Plaintiff's counsel replies that the costs of operating

his firm differs from defense counsel's firm and thus defense counsel's rates are irrelevant and

not controlling in determining plaintiff's reasonable rate (id. ¶ 6).  Plaintiff in this reply,

however, does not explain how her counsel arrived at her rate.  Since both motions to compel

"sought to compel the same relief," plaintiff's counsel assumed that the work involved with both

motions was to be considered (id. ¶ 4), despite the express declaration in this Court's Order to the

contrary (Docket No. 34, Order at 9).

## DISCUSSION

I.      Reasonable Expenses

Under Rule 37, the movant is entitled to reasonable costs and attorneys' fees.  "If the

court determines to award expenses and fees, it is for the court to decide what amount is proper."

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

§ 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar method for calculating the reasonable attorney's fee, Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); New York State NOW v. Cuomo, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee portion of these motion expenses are moving attorney's time spent on the motion, the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred.

A.      Applicable Motion for Awarding Costs for Time Expended by Counsel

The fee award here expressly excluded time and expenses related to plaintiff's first motion to compel (Docket No. 34, Order at 9; see Docket No. 37, Def. Atty. Aff. ¶¶ 4-5), but plaintiff seeks 2.25 hours of the 5.25 hours claimed for time spent on the first motion. Although plaintiff's second motion refers to the first (see Docket No. 25, Pl. Atty. Aff. ¶ 3), the time and

expenditures for that first motion is excluded from this cost award.  The first motion was denied

because it was premature (Docket No. 23, Order at 4).  That motion sought some discovery that

differs from the discovery sought in the second motion.  The Order on the first motion, in fact,

denied prevailing party defendant its costs because the Court deemed the motion (while

premature) was substantially justified (id.), cf. Fed. R. Civ. P. 37(a)(4)(B).  Plaintiff, however,

prevailed on her second motion (see generally Docket No. 34).  Under Rule 37(a)(4), motion

expenses are recovered if a movant prevails, see id. R. 37(a)(4)(A).  Despite the belief of

plaintiff's counsel that the motions were related (see Docket No. 38, Pl. Atty. Reply Aff. ¶ 4), the

Court orders recovery for the successful second motion.

    The Court closely examined plaintiff's attorney's claim for time expended in drafting the

second motion to compel moving papers and notes that plaintiff did not provide detailed time

entries to note precisely how counsel arrived at the total time expended.  Defendant did not

object to the amount of time that remains for the second motion after deleting the over two hours

expended for the first motion (cf. Docket No. 37, Def. Atty. Aff.).  Nevertheless, the Court finds

that the three hours claimed by plaintiff for the second motion is justified and reasonable.

    B.    Plaintiff's Attorney Fee Rate

    As for counsel's hourly rate of $250 per hour, plaintiff's counsel did not discuss her

expertise or experience to justify that quoted rate.  The Court takes judicial notice of the fact that

plaintiff's counsel, Courtney Scime, has been admitted to practice in New York since 1994 and

before this Court in 1995.  See generally www.Martindale.com; Fed. R. Evid. 201.  She did not

state her federal court experience or any specialized expertise, however, to justify her high hourly

rate relative to attorneys' rates charged in this city and within this district.

To be reasonable, the hourly rates of the movant's attorney must be generally consistent with prevailing market rates in this city and district, see NYS NOW, supra, 1996 U.S. Dist. LEXIS 17578, at *5.  It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted).  The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice--Civil § 37.23[8] (2005).

In another case where this Court granted an Order to compel disclosure and awarded attorney's fees as a sanction, the Court found as reasonable for the discovery sanction an hourly rate of $150 per hour for the moving attorney who had twenty years of experience.  Associates Ins. Co. v. George J. Castle, Inc., Case No. 04CV174, 2005 U.S. Dist. LEXIS 40908, at *7 (W.D.N.Y. 2005) (Scott, Mag. J.), Docket No. 70, Order of Aug. 2, 2005, at 5, Docket No. 64, Movants' Atty. Aff. ¶ 6; see also DirecTV, Inc. v. Rowland, Case No. 04CV297, Docket No. 47, Movant's Atty. Aff. ¶ 7 (June 1, 2005, affidavit in support of attorneys' fee, claimed $145 per hour for time on motion of second-year associate at city's largest firm); DirecTV, Inc. v. Perrier, Case No. 03CV400, Docket No. 72, Movant's Atty. Aff. ¶¶ 3-4 (Feb. 15, 2005, affidavit in support of attorneys' fee, claimed $290 per hour for senior partner's time on motion and $130 for second-year associate's time at same large firm).

Defendant states that its attorney's rate is only $115 per hour (Docket No. 37, Def. Atty. Aff. ¶ 9)[5].  Plaintiff's counsel replies that his firm's costs differs from defense counsel's and the latter's rate is irrelevant (Docket No. 38, Pl. Atty. Reply Aff. ¶ 6).  Plaintiff's counsel, however, only makes this general statement to distinguish its unsubstantiated rate from defense counsel's (also unsubstantiated) rate without elaborating its differing "costs involved in the operation" of plaintiff's law firm.  Plaintiff fails to meet her burden of establishing that the rate sought is a prevailing rate within this district for practitioners with similar experience as her counsel.  Since counsel here were considering the same issues in this motion and absent proof as to actual expenditures of time or the costs associated with the respective rate structures, defense counsel's rate has some relevance in determining the reasonableness of plaintiff's rate.  But the defendant's fee structure is not dispositive.  Absent proof of any reason to distinguish the opponent's rate from the movant's, the opponent's rate has some relevance to determining the reasonableness of movant's rate.

As plaintiff's counsel repeatedly stated, this case is a simple one (see Docket Nos. 25, Pl. Atty. Aff. ¶ 16; Docket No. 32, Pl. Atty. Reply Aff. ¶ 3; Docket No. 38, Pl. Atty. Reply Aff. ¶ 5), a personal injury action where the discovery in the case was not unusual.  Plaintiff's moving papers also were unremarkable; these papers do not contain anything to warrant a rate at the higher end of the billing rates for attorneys in this district.  Comparing plaintiff's sought rate with defendant's attorney's rate and the rates found reasonable in other, recent cases in this Court, a

---

[5]Defense counsel also fails to state his level of experience and expertise to justify his billing rate or to allow the Court to truly compare his rate with that of plaintiff's counsel as defendant wishes the Court to do.  Again, the Court takes judicial notice that the defendant's affiant, Anthony Targia, was admitted to practice in New York in 1998, see www.Martindale.com; Fed. R. Evid. 201.

reasonable rate for the attorney's work done for plaintiff for this motion is **$150** per hour.  For the three hours allowed relative to this second motion to compel, plaintiff is entitled to recover **$450.00**.

  C.  Other Motion Expenses

  Plaintiff's claim of $46.75 for copying expenses was for both motions to compel, to duplicate a total of 187 pages (Docket No. 36, Pl. Atty. Aff. ¶ 6; Docket No. 37, Def. Atty. Aff. ¶ 6).  Defendant objects and urges that this Court deny the entire amount of the expense claim or demand that plaintiff submit additional documents to give the exact amount of duplication costs for the second motion only (Docket No. 37, Def. Atty. Aff. ¶ 7).  In reply, plaintiff states that the duplication for the second motion consists of 58 pages (of the 187 total pages), costing $14.50 at the 25 cents per page rate (Docket No. 38, Pl. Atty. Reply Aff. ¶ 7).  Based on this reply, the Court declines defendant's invitation to have plaintiff submit detailed records for her duplication costs associated with the second motion and accepts plaintiff's counsel's statement of the number of pages necessary for the second motion.  Defendant has not objected to the duplication page rate claimed by plaintiff and that rate is reasonable given practice in this district.  Plaintiff, therefore, recovers for the costs of duplicating 58 pages, at a cost of $.25 per page, for the second motion, or a total expense cost of **$14.50**.

  As a result, the total reasonable motion expenses recoverable by plaintiff here for the second motion to compel is **$464.50**, or attorney's fee totaling $450.00 and other expenses totaling $14.50.

II.      Whether to Award Costs at All

In its response to this fee application, defendant alternatively requests that plaintiff not be awarded any costs because defendant "has acted in good faith in adhering to the Court's Scheduling Order and has attempted to provide as much of the requested discovery materials as possible to the plaintiff" (Docket No. 37, Def. Atty. Aff. ¶ 8).  Defendant is attempting to reargue the merits of the motion to compel, but fails to provide proof of that good faith or its production to plaintiff prior to the second motion (even by citing, for example, to its earlier responding papers).  If defendant had in fact acted in good faith and produced all that it had, this motion practice and the Court's Order would not have been necessary.  The Court declines to re-examine its earlier ruling and, under Rule 37's mandate that the moving party "shall" be awarded her reasonable motion costs when her motion to compel is granted, Fed. R. Civ. P. 37(a)(4)(A), plaintiff is awarded her reasonable motion costs as delineated above.  The only bases to avoid this mandatory award of costs is if either the objection was substantially justified or that other circumstances would make the award of costs unjust, id., and defendant has not articulated either ground to avoid liability for these motion costs. Therefore, the Court orders that plaintiff be reimbursed for her reasonable motion expenses as set forth above.

## CONCLUSION

For the reasons stated above, plaintiff is awarded from defendant **$464.50** for her

reasonable costs and expenses in making the second motion to compel (Docket No. 25, <u>see</u>

Docket No. 34).

So Ordered.

<i>/s/ Hugh B. Scott</i>
_____

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      April 17, 2006