UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIRGINIA JOHNSON,

                    Plaintiff,

                                                              **Hon. Hugh B. Scott**

                    v.                                         05CV170

                                                              (CONSENT)

THE BON-TON DEPARTMENT STORES, INC.,                          **Order**

                    Defendant.


          Before the Court are (A) defendant's motion for summary judgment (Docket No. 45[1]) and

(B) plaintiff's cross-motion for summary judgment and to strike (pursuant to Federal Rules of

Civil Procedure 11, 26, 37, and 56) (Docket No. 49[2]).  The parties consented to proceed before

the undersigned on May 19, 2005 (Docket No. 7).

## BACKGROUND

          This is a removed diversity personal injury action (plaintiff is a New York resident,

defendant a Pennsylvania retailer) arising from plaintiff's fall in the elevator of defendant's

---

[1]In support of this motion, defendant submitted an attorney's affidavit with exhibits, Docket No. 45, memorandum of law, Docket No. 45, and statement of undisputed facts with exhibit, Docket No. 46, reply affidavit and memorandum of law in opposition to plaintiff's cross-motion for summary judgment, Docket No. 51.
          In opposition, plaintiff submitted her cross-motion, Docket No. 49.

[2]Plaintiff here submits her attorney's affidavit with exhibits; Statement of Undisputed Facts with exhibit and appendix; Memorandum of Law, Docket No. 49; and reply affidavit of her attorney, Docket No. 53.
          In opposition, defendant submits a memorandum of law and its attorney's affidavit, Docket No. 51.

Eastern Hills Mall store on April 24, 2003 (<u>see</u> Docket No. 1, Notice of Removal, Ex., state court Complaint; <u>see</u> Docket No. 46, Def. Statement ¶ 1, Ex. A, Compl. ¶ 7).  Plaintiff alleged that she was caused to fall in the store's elevator sustaining various injuries due to defendant's negligence, carelessness and recklessness (<u>see</u> Docket No. 46, Def. Statement ¶ 2, Ex. A, Compl. ¶¶ 10-11).  Plaintiff claims that the store's escalator was broken and she was directed to use the freight elevator to return to the first floor (Docket No. 49, Pl. Atty. Aff. ¶ 19; <u>id.</u>, Pl. Statement ¶¶ 4, 5).  Plaintiff, an 80-year-old woman carrying two large packages, was not offered any type of assistance and she fell upon exiting the freight elevator because it was not level with the floor (Docket No. 49, Pl. Atty. Aff. ¶ 19, summarizing plaintiff's deposition testimony; <u>id.</u>, Pl. Statement ¶¶ 6-7).  This freight elevator did not have an operator (<u>see</u> Docket No. 49, Pl. Atty. Aff. ¶¶ 9, 20).

Plaintiff commenced this action in New York State Supreme Court on or about November 5, 2004 (Docket No. 45, Def. Atty. Aff. ¶ 5; Docket No. 46, Def. Statement Ex. A, Compl.), and defendant answered on or about December 17, 2004 (Docket No. 45, Def. Atty. Aff. ¶ 6, Ex. A).  Defendant then removed this action, on March 15, 2005, to this Court (Docket No. 1).  Under the latest Amended Scheduling Order (Docket No. 34), discovery was completed by May 22, 2006.

*Defendant's Summary Judgment Motion*

Following discovery motions (Docket Nos. 18, 25; <u>see</u> Docket Nos. 23, 34, 39[3] (Orders on motions)) and referral to alternative dispute resolution mediation (Docket Nos. 24, 27, 38, 34,

---

[3]<u>Johnson v. The Bon Ton</u>, No. 05CV170, 2006 U.S. Dist. LEXIS 20019 (W.D.N.Y. Apr. 17, 2006).

35, 40, 48), defendant makes this timely motion (see Docket No. 34, dispositive motions due by August 1, 2006). Defendant argues here that (under New York law) plaintiff cannot establish the existence of a defect to make defendant as landowner liable for plaintiff's injuries and plaintiff cannot establish that defendant had notice of any defective condition (Docket No. 45, Def. Memo. of Law at 1-5).

Defendant cites to plaintiff's own deposition (Docket No. 45, Def. Atty. Aff. ¶ 10, Ex. B), the depositions of defendant's representatives (the general manager of the Eastern Hills Mall store, the receiving manager, and a store employee) (id. ¶¶ 11-13, Exs. C-E), and the sworn maintenance records for the elevator in question (id. ¶ 14, Ex. F). Defendant argues that there was no evidence of a defective condition in the elevator not coming level or any actual or constructive knowledge by defendant of any defect to that elevator (Docket No. 45, Def. Memo. at 2, 4). Defendant had an exclusive maintenance contract with non-party Schindler Elevator Corporation for that elevator and defendant had no notice of the alleged defect (id. at 4-5).

*Plaintiff's Cross-Motion*s

In response to defendant's motion, plaintiff cross-moved for summary judgment and to strike defendant's defenses due to it furnishing false expert disclosure (see Docket No. 49, Pl. Memo. of Law at 4-5). She first argues that she is entitled to judgment as a matter of law due to the proof of defendant's negligence in allowing her to enter a freight elevator and defendant had constructive notice of the defects in that elevator (id. at 1-3). She contends that defendant had actual and constructive notice that it was directing customers to a non-passenger freight elevator, with prior notice of customers getting stuck on that elevator and being "scared" (Docket No. 49,

Pl. Atty. Aff. ¶¶ 8, 10 (customers did not like manual operation of elevator and requested assistance or calling for assistance for customers with large packages), 25).

She claims that defendant submitted a false expert disclosure about Richard McLean, defendant's purported expert who stated that he evaluated the elevator at issue when, in fact, he had not and was not retained by defendant as an expert (Docket No. 49, Pl. Atty. Aff. ¶¶ 13-15, 22, Exs. G, H).   McLean testified in his deposition that the elevator was not for customer's use (id. Pl. Atty. Aff. ¶ 15, Ex. H, McLean EBT Tr. at 12, 16, 17-18, 26).  Plaintiff's expert, a former modernization manager for Otis Elevator, states that the elevator in question violated industry standards and should not have been used for public passengers (id. Pl. Atty. Aff. ¶ 16, Ex. I, Aff. of Frank Pasztor ¶¶ 1, 3, 4) and that if the elevator was not leveled a tripping hazard would occur (id. Ex. I, Aff. ¶ 6).  Plaintiff seeks sanctions under Rule 26(g) for defendant's false certification of its expert (id. ¶ 23).

Finally, under New York law, plaintiff contends that defendant cannot meet the Rule 56 standard for summary judgment by not showing the lack of a triable issue of fact (Docket No. 49, Pl. Memo. at 5-8).

Defendant contends that the photographs and medical treatise cited by plaintiff were not authenticated and thus cannot be used to support her motion (Docket No. 51, Def.'s Atty. Aff. in Opp. ¶¶ 4-6; Docket No. 51, Def. Memo. at 2), Fed. R. Civ. P. 56(e).  Defendant argues that plaintiff fails to show evidence of any defect or that defendant had any notice of a defect, despite violating industry standards in the signage for the elevator and failed to show any causation arising from that purported violation (Docket No. 51, Def. Memo. at 3, 4).

*Briefing Schedule*

The Court issued a briefing schedule, with responses to defendant's motion due by September 5, 2006, any reply due by September 25, 2006 (Docket No. 47).  Responses to plaintiff's cross-motion were due by September 25, 2006 (Docket No. 50), with any reply due by October 5, 2006 (Docket No. 52).  Both motions were argued together on October 10, 2006, and the motion was deemed submitted thereafter (Docket Nos. 47, 50, 52, 54).

## DISCUSSION

I.      Applicable Standards

A.      Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c).  "'The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant'."  Ford, supra, 316 F.3d at 354 (quoting Marvel Characters v. Simon, 310 F.3d 280, 286 (2d Cir. 2002).  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the

party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>McCarthy v. American Intern. Group, Inc.</u>, 283 F.3d 121, 124 (2d Cir. 2002); <u>Marvel Characters</u>, <u>supra</u>, 310 F.3d at 285-86.

       B.     Choice of Law

      The parties presume that New York law applies, without addressing the choice of law question.  This accident occurred in New York and plaintiff is a New York State resident, while defendant is a Pennsylvania corporation.  As a diversity action, the procedures are governed by federal law and rules, while the substantive law is governed by state law, <u>see</u> <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938); <u>Ocean Ships, Inc. v. Stiles</u>, 315 F.3d 111, 116 n.4 (2d Cir. 2002).  This Court initially must apply the substantive law of our forum state (New York), <u>see</u> <u>Erie R.R.</u>, <u>supra</u>, 304 U.S. 64, including its choice of law regime, <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>Elgin Sweeper Co. v. Melson, Inc.</u>, 884 F. Supp. 641, 648 (N.D.N.Y. 1995).  "New York's current choice-of-law rules require the court to consider the following three elements:  the domicile of the plaintiff, the domicile of the defendant, and the place where the injury occurred." <u>Lucas v. Lalime</u>, 998 F. Supp. 263, 267 (W.D.N.Y. 1998) (Heckman, Mag. J., R&R, adopted by Arcara, J.).  Where more than one element is in the same state, that state's law should apply.  <u>Id.</u>; <u>Datskow v. Teledyne Continental Motors</u>, 807 F. Supp. 941, 943 (W.D.N.Y. 1992) (Larimer, J.)  Under New York choice of law rules, however, "the first step in any case presenting a potential choice of law is to determine whether there is an actual conflict between

the laws of the jurisdiction involved." Matter of Allstate Ins. Co., 81 N.Y.2d 219, 223, 597

N.Y.S.2d 904, 905 (1993).  This Court need not determine which forum's law applies where the

relevant issue would turn out the same under the fora's law and no true conflict exists, Elgin

Sweeper, supra, 884 F. Supp. at 648; Howard v. Clifton Hydraulic Press Co., 830 F. Supp. 708,

712 (E.D.N.Y. 1993).  Additionally, where New York law and the other fora's laws have no

material differences, New York law applies,  Elgin Sweeper, supra, 884 F. Supp. at 648.

Defendant argues that New York tort law applies (see Docket No. 45, Def. Memo. at 1-

5).  Plaintiff also assumes and cites New York law as authority (see, e.g., Docket No. 49, Pl.

Memo. at 2).  Since the site of the accident is in New York and plaintiff is a New Yorker (the

significant contacts here), New York law governs.  See Babcock v. Jackson, 12 N.Y.2d 473,

240 N.Y.S.2d 743 (1963); Lucas, supra, 998 F. Supp. at 267.  No other jurisdiction's law is

suggested as being applicable.  Therefore, New York law applies.

C.      Discovery Sanctions Standard

Plaintiff seeks sanctions under Rule 26(g) for defendant falsely certifying one of its

experts.  Sanctions under this Rule are mandatory, while the form of sanction is within the

Court's discretion, Chambers v. NASCO, Inc., 501 U.S. 32, 51 (1991).  Each disclosure under

Rule 26(a)(1) (the initial disclosure) and (a)(3) (pretrial disclosure of witnesses, documents) must

be signed by an attorney certifying "that to the best of the signer's knowledge, information, and

belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is

made," Fed. R. Civ. P. 26(g)(1).  Every discovery response needs to be signed by counsel and

that signature also is a certification that, "to the best of the signer's knowledge, information, and

belief, formed after a reasonable inquiry," the response is consistent with the rules and warranted

7

by existing law or a good faith argument for its extension or modification; not interposed for an improper purpose; and was not unreasonable or unduly burdensome or expensive, id. R. 26(g)(2). A certification made, without substantial justification, in violation of the rule may be subject to "an appropriate sanction" for the certifying attorney or his client or both, with the sanction including the reasonable expenses incurred because of the violation and attorney's fees, id. R. 26(g)(3).

However, expert disclosure is made pursuant to Federal Rule 26(a)(2) and is not governed by the signature requirement of Rule 26(g)(1). It may be governed by the general requirement for discovery responses governed by Rule 26(g)(2), which only requires that the response is consistent with rules and existing law and is not interpose for untoward purposes.

## II.     Plaintiff's Motion to Strike, Discovery Sanction

The Court first considers plaintiff's motion to strike defenses or defendant's entire Answer for disclosing as an expert a person who had not evaluated the incident, whom defendant never contacted to be its expert, as certifying incomplete or incorrect disclosure under Rule 26(g)(1) and (3). Defendant here contends that it identified McLean as a possible expert, what his anticipated testimony would be if called (Docket No. 51, Def. Atty. Aff. ¶¶ 22-26), and noted that McLean was primarily a fact witness as well as an expert (id. ¶ 27). Plaintiff in reply notes that there needed to be some basis for the expert disclosure rather than identifying a potential witness who apparently had no other knowledge about the issues in this case (see Docket No. 53, Pl. Atty. Aff. ¶¶ 9, 10). She reads into Rule 26(a)(2) disclosure "some measure of **good** faith" (id. ¶ 10, emphasis in original). The parties are quibbling over whether McLean inspected the elevator in question as an expert to testify about it.

Rule 26(g) sanctions do not expressly include as sanctions claim preclusion or striking of pleadings as compared with sanctions under Federal Rule 37(b)(2), which provide those types of sanctions for failing to comply with a Court discovery Order, Fed. R. Civ. P. 37(b)(2)(B), (C). Plaintiff cites no examples of cases in which courts have imposed the ultimate sanction of striking pleadings due to violating the certification on discovery. The Advisory Committee Notes for the 1983 amendment establishing Rule 26(g) notes that the attorney's signature was not to certify to the truthfulness of the client's factual responses to a discovery request, rather it certifies that the attorney "has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand," 97 F.R.D. 165, 219 (1983). The Advisory Committee also noted that sanctions under this rule were derived from Rule 37, among other sources, with the nature of the sanction being a matter of judicial discretion to be exercised in light of the particular circumstances. 97 F.R.D. supra at 219, 220. The Advisory Committee Notes for the 1993 amendment to Rule 26(g) states that Rule 26(g)(3) was modified to be consistent with Rule 37(a)(4) and 37(c)(1), that "in combination, these rules establish sanctions for violation of the rules regarding disclosures and discovery matters." Rule 37(c)(1), in turn, sanctions the failure to disclose certain types of initial disclosure or discovery devices by sanctions authorized under Rule 37(b)(2), including claim preclusion and striking of pleadings. Thus, within the range of sanctions available to the Court may be claim preclusion or striking pleadings, see Metropolitan Opera Ass'n v. Local 100, Hotel Employees and Restaurant Employees Int'l Union, 212 F.R.D. 178, 221-22 (S.D.N.Y. 2003) (sanction of entering judgment in plaintiff's favor granted for defendant and defense counsel's aggressively willful conduct in not complying with discovery); see also Jankins v. TDC Mgmt. Corp.,

131 F.R.D. 629, 634 (D.D.C. 1989) (Robinson, Mag.) (evidence preclusion as sanction); <u>Reilly v. NatWest Markets Group Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999), although these sanctions have been held in similar context to be extreme, <u>see</u>  <u>Burnett v. Venturi</u>, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); <u>see</u> <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction).

As stated above, Rule 26(g)(1) and the certification of the completeness and accuracy of the disclosure, cited by plaintiff (<u>see</u> Docket No. 49, Pl. Memo. at 4; Docket No. 49, Pl. Atty. Aff. ¶ 23), does not apply to expert disclosure under Rule 26(a)(2).  Rather, it applies to initial disclosures and pretrial disclosures under Rule 26(a)(1) and (3).  Under Rule 26(g)(2), the signing attorney only certifies that the discovery response is consistent with the rules and does not certify that the response is complete and correct.  Rule 26(a)(2) requires disclosure of any expert "who may be used at trial".

Here, defendant provided such notice, even if the person identified as an expert may be readily impeached on his expertise given his lack of knowledge about the particulars (<u>see</u> Docket No. 49, Ex. G).  Thus, the certification under Rule 26(g)(2) was not violated and Rule 26(g)(1) is not implicated here.  Even if this certification was misleading, the ultimate sanction that plaintiff seeks is not appropriate.  Plaintiff's objections to this witness as an expert may be better addressed during cross-examination to discredit his opinions rather than sanction precluding a defense.  Therefore, plaintiff's cross-motion to strike (Docket No. 49) is **denied**.

Plaintiff also invokes Rule 11 as a basis for sanctions, but Rule 11 by its own terms does not apply to discovery issues, Fed. R. Civ. P. 11(d).  Thus, there is not basis to sanction defendant for its expert disclosure.

III.     Merits--Landowner Liability under New York Law

Under New York law, a landowner may be liable for injuries resulting from a dangerous condition on its property if the owner had actual or constructive knowledge of that condition, Cook v. Sutton, 254 A.D.2d 821, 677 N.Y.S.2d 837 (4th Dep't 1998) (Docket No. 45, Def. Memo. at 1-2); see 85 N.Y. Jur. 2d Premise Liability § 192 (2006).  Constructive notice of a defect must be "visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discovery and remedy it," Gordon v. American Museum of Natural History, 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646, 647 (1986).  In the retail setting such as here, once the defendant store establishes the absence of notice as a matter of law, the burden shifts to plaintiff to show that either the store created the condition or had actual or constructive notice of the condition, 85 N.Y. Jur. 2d Premise Liability, supra, § 193.

Defendant argues that there was no notice of any defect on the elevator in question. Maintenance records from Schindler Elevator Corporation, the firm that exclusively maintained this elevator, did not reveal any defect.

In support of her cross-motion and in opposition to defendant's motion, plaintiff argues that defendant has not established proof of its entitlement to judgment as a matter of law.  She contends that defendant was negligent in having an overburdened 80-year-old woman enter and exit a freight elevator unassisted.  Plaintiff argues that defendant had actual and constructive notice of the defect in using that freight elevator for public passenger use.  In reply, defendant denies either any defect or its notice thereof, arguing that plaintiff has not present admissible proof in support of her arguments.

11

The moving papers, however, do not show evidence of an actual defect or defendant's notice of an actual defect.  Defendant had a third-party, Schindler, maintain the elevator. Plaintiff points out difficulties of which defendant was aware with customers using that elevator, but those customers complained of getting stuck on the elevator and requiring assistance to close the elevator doors (see Docket No. 45, Ex. D, Frederickson EBT Tr. at 16-17).  These instances, however, are not similar to the apparent cause of plaintiff's injuries from the misleveling of the elevator.

As for constructive defect, plaintiff argues that using an improperly labeled freight elevator without assistance by passengers was a constructive defect (see Docket No. 49, Pl. Memo. at 2-3).  She argues that violating industry standards for the use and care of a freight elevator constitutes negligence, and claims that compliance with the standards would have avoided the accident (id. at 3).  But plaintiff also states that, after the escalator became inoperative, the only way plaintiff had to get back to the ground floor was the elevator (see Docket No. 49, Pl. Atty. Aff. ¶ 6), if that were the case, even with a sign warning against passenger use, this freight elevator was plaintiff's only means of leaving the second floor. Plaintiff does not establish how use of a freight elevator (however inappropriately labeled) caused her injuries.  The cause of her injuries was the misleveling of the elevator, which is not inherent from it being a freight elevator.  This differs from the allegations in Vaynshtey v. Cohen, 266 A.D.2d 280, 698 N.Y.S.2d 249 (2d Dep't 1999), where plaintiffs alleged that misleveling was the proximate cause where evidence of other possible causes were adduced, id. at 281, 698 N.Y.S.2d at 250.  There is no evidence of this misleveling being visible and apparent to defendant's employees just prior to the accident to have them discover it and correct it (or

arrange to have defendant's elevator maintenance contractor address the problem).  The so-called

defect plaintiff indicates is her being allowed to use a freight elevator by herself when other

passengers had other problems with using that freight elevator without assistance (see Docket

No. 49, Pl. Statement ¶ 8; Docket No. 45, Ex. D, Frederickson EBT Tr. at 16-17).  She points to

Schindler's maintenance records for this elevator (Docket No. 49, Pl. Atty. Aff. ¶ 12, Ex. F), but

she does not establish any awareness of defendant with this maintenance record or any

maintenance problems indicated in that record dealing with the elevator's misleveling.

As noted by defendant, this case is closer to the allegations in (if not the result in)

Scheifla v. Benchmark Mgmt. Corp., 270 A.D.2d 815, 705 N.Y.S.2d 749 (4th Dep't 2000),

where the elevator misleveled but defendant had a contract with a third party to maintain the

elevator and that defendant had no notice of problems with the elevator.  Here, there is no

evidence of notice to defendant to put it on constructive notice of any problem with this elevator

prior to plaintiff's injuries.  Therefore, defendant's motion for summary judgment is **granted** and

plaintiff's cross-motion for summary judgment is **denied**.

**CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment (Docket No. 45) is **granted;** plaintiff's cross-motion for summary judgment (Docket No. 49) is **denied** and her motion to strike (Docket No. 49) also is **denied**.  The Court Clerk is instructed to enter judgment in accordance with this Order and to close this case.

So Ordered.

/s/ Hugh B. Scott
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       October 18, 2006